UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
GIOVANNI WHITE,

                Plaintiff,

       -v.-                                          9:05-CV-1548
                                                             (LEK)(RFT)

GLENN S. GOORD, *et al.*,

                Defendants.
--------------------------------------------------------

APPEARANCES:

GIOVANNI WHITE
Plaintiff, *pro se*
**Last Known Address:**
02-A-5197
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE

## **DECISION AND ORDER**

### **I. Background**

This civil rights action was commenced by Plaintiff Giovanni White ("Plaintiff") on December 12, 2005. See Complaint (Dkt. No. 1). The acknowledgment of receipt of such Complaint, which was sent by the Clerk to the Plaintiff at his last known address, was returned as undeliverable - as filed on December 27, 2005. See Dkt. No. 4.

### **II. Discussion**

Rule 41(b) of the *Federal Rules of Civil Procedure* provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an

action or comply with any order of the court.  See FED. R. CIV. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626 (1962).  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases.  See Freeman v. Lundrigan, No. 96-CV-1190 (RSP/RWS), 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (Pooler, D.J.) (citing Rodriguez v. Walsh, No. 92-Civ-3398, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994) (citations omitted)).

Moreover, a plaintiff has the duty to inform the Court of any address changes.  As then-District Judge Pooler stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

Dansby v. Albany County Corr. Facility Staff, No. 95-CV-1525 (RSP/RWS), 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, D.J.) (citing and quoting Perkins v. King, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)).  See, generally, Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York (dismissal of action appropriate where plaintiff fails to notify Court of change of address).

This matter cannot proceed without notification to the Court by the Plaintiff of his current address.  Thus, unless Plaintiff notifies this Court of his present address within **forty-five (45) days** from the date of the filing of this Order, this action will be dismissed without further order of the Court.

2

### III. Conclusion

WHEREFORE, IT IS HEREBY

**ORDERED**, that unless Plaintiff notifies this Court of his present address within **forty-five (45) days** from the date of the filing of this Order, this action will be **DISMISSED** without further Order of this Court; and it is further

**ORDERED**, that in the event Plaintiff advises this Court of his present address, in accordance with this Order, this matter shall be returned to the Court for further review; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties, including the Plaintiff at his last known address.

**IT IS SO ORDERED**.

DATED:   January 30, 2006
         Albany, New York

_Lawrence E. Kahn_
Lawrence E. Kahn
U.S. District Judge